UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIC SHEEHAN and BETH SCHEFFLER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| CHELSEA SOLDIER'S HOME, HOLYOKE | * | |
| SOLDIER'S HOME, EXECUTIVE OFFICE | * | |
| OF HEALTH AND HUMAN SERVICES, | * | Civil Action No. 1:22-cv-11303-ADB |
| DEPARTMENT OF VETERANS SERVICES, | * | |
| CHERYL POPPE, MATTHEW DEACON, | * | |
| ERIC JOHNSON, DIANE RANDOLPH, and | * | |
| KATHERYN BRUDNICKI, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiffs Eric Sheehan and Beth Scheffler (collectively, "Plaintiffs") claim violations of the Federal Employee Whistleblower Protection Enhancement Act ("WPEA") (Count I) and several Massachusetts state laws (Counts II–VI) by Chelsea Soldier's Home, Holyoke Soldier's Home, Executive Office of Health and Human Services ("EOHHS"), Department of Veterans Services ("DVS"), Cheryl Poppe, Matthew Deacon, Eric Johnson, Diane Randolph, and Karyn Brudnicki (collectively, "Defendants") following the termination of their employment. Before the Court is Defendants' motion to dismiss all claims. [ECF No. 17]. For the reasons set forth below, Defendants' motion is GRANTED.

## I.      BACKGROUND

The following relevant facts are taken primarily from the Complaint, [ECF No. 2 ("Compl.")], which the Court assumes to be true when considering a motion to dismiss, Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

During the COVID-19 pandemic, Plaintiff Eric Sheehan was appointed by then-Massachusetts Governor Charlie Baker "to identify and fix problems" at Massachusetts soldier's homes.  [Compl. ¶¶ 4, 26].  At that time, Plaintiff Beth Scheffler was the Acting Chief Nursing Officer at one of those homes—the Chelsea Soldier's Home ("CSH").  [Id. ¶ 5].

In 2020 and 2021, Sheehan and Scheffler raised several issues with management and other employees at the soldier's homes and with relevant state agencies.  For example, in April 2020, after being asked by Deputy Secretary Dan Tsai[1] to provide an assessment of the Holyoke Soldier's Home ("HSH"), [Compl. ¶ 51], Sheehan's memoranda, which he shared with HSH management, listed numerous "problematic areas."  [Id. ¶¶ 52–53].  He also told Defendant Cheryl Poppe, the Acting Secretary of the Veterans Home in the DVS, that HSH was not following regulatory requirements or the requirements for cohorting residents and also not fully participating in the Electronic Medical Records Project.  [Id. ¶¶ 27, 54–56].

Further, during the Summer of 2020, Sheehan and Scheffler participated in an assessment of CHS's pandemic response, [Compl. ¶¶ 35–36], which found that CHS's "antiquated infrastructure" was a "major contributing factor[]" to the COVID-19 outbreak among residents and staff, [id. ¶ 38].  In addition to this assessment, Scheffler raised several other issues for

---

[1] The Complaint does not specify for which agency Dan Tsai worked.  Based on the Complaint and the request from Tsai to Sheehan, the Court infers that Tsai was the Deputy Secretary of a state-affiliated agency.

evaluation and corrective action during her time as Chief Nursing Officer at CSH.  [Id. ¶¶ 66–97].

Finally, in addition to issues Sheehan raised to Poppe, Sheehan and Scheffler also raised concerns to Defendants Deacon[2] (General Counsel for DVS), Johnson (CSH Superintendent), Brudnicki (General Counsel for CHS), and Randolph (Human Resources Liaison for CSH).  See, e.g., [id. ¶¶ 48–49, 72–75].

At least in part because of the issues that they raised, Scheffler was terminated for cause in September 2021, [Compl. ¶¶ 99–100], and Sheehan was terminated from his position approximately one month later, [id. ¶ 30].[3]

Sheehan and Scheffler brought the Complaint in this action on August 17, 2022.  [ECF No. 2].  On December 27, 2022, Defendants moved to dismiss all claims.  [ECF No. 17].  Plaintiffs opposed the motion on February 1, 2023, [ECF No. 21], and Defendants filed a reply on February 16, 2023, [ECF No. 24].

## II.    DISCUSSION

Defendants argue that Plaintiffs' claim under the WPEA should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs are not federal employees and are therefore not protected by the WPEA.  See [ECF No. 18 at 4–5].

---

[2] Paragraph 48 of the Complaint appears to have a typographical error naming Deacon as "Beacon."  The Court assumes that Plaintiffs meant to refer to Deacon.

[3] Sheehan and Scheffler allege other facts that may be relevant to a properly brought retaliation action, but, for present purposes, are not relevant.  See [Compl. ¶¶ 39–50, 57–61, 67–68, 72–97, 101–113].

### A.   Employee Whistleblower Protection Enhancement Act (Count I)

####    1.   Legal Standard

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept as true all well-pled facts, analyze them in the light most favorable to the plaintiff, and draw all reasonable inferences from those facts in favor of the plaintiff.  U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  Additionally, "a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice." MIT Fed. Credit Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).  A complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief[,]'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)), and must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory[,]" Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

####    2.   Analysis

Under the WPEA, an agency or employee of an agency may not retaliate against a federal employee for disclosing "(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific

danger to public health or safety," 5 U.S.C. § 2302(b)(8)(A), or take action against a federal

employee for, for example, "the exercise of any appeal, complaint, or grievance right granted by

any law, rule, or regulation . . . (i) with regard to remedying a violation of paragraph (8); or (ii)

other than with regard to remedying a violation of paragraph (8), 5 U.S.C. § 2302(b)(9).  See

Mount v. Dep't of Homeland Sec., 937 F.3d 37, 42–43 (1st Cir. 2019).  A federal "employee"

under § 2302 is "an officer and an individual who is," as relevant here:

> (1) appointed in the civil service by one of the following acting in an official capacity[:] (A) the President; B) a Member or Members of Congress, or the Congress; (C) a member of a uniformed service; (D) an individual who is an employee under this section; (E) the head of a Government controlled corporation; or (F) an adjutant general designated by the Secretary concerned under section 709(c) of title 32;

> (2) engaged in the performance of a Federal function under authority of law or an Executive act; and

> (3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

5 U.S.C. § 2105(a).  An individual who is not a federal employee under 5 U.S.C. § 2302 and

5 U.S.C. § 2105 cannot state a claim under the WPEA.  See Gallagher v. Amedisys, Inc., No. 17-

cv-11390, 2018 WL 2223673, at *7 n.3 (D. Mass. May 15, 2018) ("Because Plaintiff does not

claim to be a federal employee, he cannot state a [WPEA] claim"); see also Grivnow v. Bowser,

No. 20-cv-02000, 2022 WL 4130838, at *4 (D.D.C. Sept. 12, 2022) (dismissing WPEA claim

against D.C. public school teacher because he "d[id] not allege that he was an employee of the

federal government," and thus "the [WPEA] does not apply to him");[4] Negrón-Santiago v. San

Cristobal Hosp., 764 F. Supp. 2d 366, 370–71 (D.P.R. 2011) ("The [WPEA], by its terms,

---

[4] Plaintiffs argue in their Reply that Grivnow supports their position because "parts of [the plaintiff's WPEA] claim could move forward."  [ECF No. 25 at 3].  The court in Grivnow, however, found only that a claim under the D.C. Whistleblower Protection Act could move forward, not a federal claim under the WPEA.  See 2022 WL 4130838, at *4.

applies to *federal* employees. . . . We see no manner in which employees of a Commonwealth-affiliated utility company could be classified as federal employees for purposes of the [WPEA].") (emphasis in original); Grassick v. Holder, No. 09-cv-00587, 2012 WL 1066691, at *3 (D.R.I. Mar. 28, 2012) (WPEA "protects certain federal employees from agency reprisals for whistleblowing activities").

Here, Defendants argue that Plaintiffs are not federal employees entitled to protection under the WPEA. [ECF No. 18 at 4]. Plaintiffs do not dispute that they are not federal employees, but instead argue that because CSH and HSH must comply with federal laws, including the WPEA, they should be covered by the WPEA. [ECF No. 21 at 9–11; ECF No. 25 at 1–3].

As Plaintiffs concede, they have not pled that they are federal employees protected by § 2302. Sheehan was appointed by the Massachusetts Governor to fill a role within state entities. See, e.g., [Compl. ¶¶ 4, 26]. Plaintiff's Complaint describes "Sheehan's Employment for the Commonwealth of Massachusetts," [Compl. at 3], and Plaintiffs' response states that Sheehan "drew paychecks from the Commonwealth," [ECF No. 21 at 10]. The face of the Complaint also reflects that Scheffler was employed as Chief Nursing Officer at CHS, [Compl. ¶ 5], and Plaintiffs' brief states that she also "drew paychecks from the Commonwealth," [ECF No. 21 at 10]. Thus, neither Sheehan nor Scheffler qualifies as a federal employee subject to the protections afforded under 5 U.S.C. § 2302 and 5 U.S.C. § 2105. Moreover, neither statute supports the idea that employees are protected under 5 U.S.C. § 2302 simply because their employer is required to comply with federal law. Thus, Plaintiffs' Count 1 claim under the WPEA must be dismissed.

B.        **State Law Claims (Counts II–VI)**

Plaintiffs assert that the Court has supplemental subject matter jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.  See [Compl. ¶¶ 18–19].  This is seemingly based on the Court's jurisdiction over the federal WPEA claim which has now been dismissed.

Where the only federal law claims have been dismissed, "it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims unless doing so would serve the interests of fairness, judicial economy, convenience, and comity."  Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017) (internal quotation marks omitted) (citing Desjardins v. Willard, 777 F.3d 43, 45–46 (1st Cir. 2015); Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014)); see also Eves v. LePage, 842 F.3d 133, 146 (1st Cir. 2016) ("A district court 'may decline to exercise supplemental jurisdiction' if the court 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))), vacated in part and reinstated in part by 927 F.3d 575, 589 (1st Cir. 2019) (reinstating opinion as to dismissal of state law claims).  The Supreme Court has found that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, at this early stage of the litigation, the Court can discern no reason why keeping the case in federal court is warranted based on judicial economy, convenience, fairness, or comity.

The Court will therefore not exercise supplemental jurisdiction over the remaining state law claims and they too are dismissed.[5]

## III.    CONCLUSION

Accordingly, Defendants' motion to dismiss all claims is granted.

**SO ORDERED.**

July 12, 2023                                              /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE

---

[5] Because the Court dismisses the Complaint as to the state law claims (Counts II–VI), and Defendants' remaining arguments apply to those same claims, the Court does not address Defendants' remaining arguments.